In the Matter of the Claim of RACHEL W. PRICE, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which denied her claim for unemployment benefits. The claimant applied for benefits on March 26, 1956. During certain weeks in her base period she received fees for the re-use or rerun of certain filmed television and transcribed radio commercials. She was paid a fixed amount at the time the commercials were made and the re-use fees were received pursuant to her employment contract and the general collective bargaining agreement governing such work. The re-use fees were based on the market to which the commercial was presented. In order to have the requisite 20 weeks of covered employment making her eligible for benefits it was necessary to count the weeks in which such re-use fees were received. The Referee held that since no services were performed in those weeks that they did not constitute weeks of employment and declared the claimant ineligible for benefits. The board first reversed and then after reconsidering the case on its own motion reversed its initial determination and affirmed the Referee's decision. Section 524 of the Labor Law defines a "Week of employment" as "a week in which a claimant did some work in employment". In view of the wording of this section it would seem that the board correctly determined that the claimant had performed no work in the weeks in which she received re-use fees. The board found that the employee-employer relationship terminated once the commercials were made. There was no direction, supervision or control over the claimant at the time the commercials were re-used. The only restriction on her was that under her contract she could not appear for a competitive product during this period. This however left her free for employment by anyone else and this restriction cannot be the basis for holding that the claimant was doing "some work" when these payments were received. These fees were in reality earned when the commercial was made and their amount depended only on the use of the commercials thereafter and not on any work or service to be performed by the claimant. Decision unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.