**Bahadrudin KHABANI, Relator,**

v.

**RED OWL STORES, Respondent,**

**Department of Jobs and Training, Respondent.**

**No. C8–86–650.**

Court of Appeals of Minnesota.

Sept. 2, 1986.

Allen R. Webb, Seifert & Weinard, Bloomington, for relator.

Red Owl Stores, pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered, and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Relator Bahadrudin Khabani appeals from a decision by the Commissioner's representative which reduced his unemployment compensation benefits by an amount previously awarded to him as workers' compensation. We affirm.

## FACTS

Bahadrudin Khabani began working as a warehouseman for the Red Owl Stores in December 1972. In 1976, 1977 and 1978, he suffered work-related injuries and, as a result, in 1979 he was transferred to an office position. The rate of pay for the office job was less than Khabani had been receiving for his warehouse work, and Red Owl's workers' compensation carrier began paying him $60 per week in temporary partial disability benefits.

In May 1985, Khabani was advised by a physician that he should no longer continue to work in the office. Red Owl therefore placed him on a medical leave of absence, and Khabani applied for unemployment compensation benefits. At that time, he did not apply for additional workers' compensation benefits, but he continued to receive the $60 per week from his previous partial disability claim.

Following a hearing, a referee for the Department of Jobs and Training found that Khabani was eligible to receive unemployment compensation benefits. However, the referee determined that this amount should be reduced by the $60 per week which Khabani was receiving from his previous workers' compensation claim.

A Commissioner's representative reversed the referee's decision and concluded that the $60 per week should not be deducted from the unemployment compensation benefits to which Khabani was entitled. This decision was subsequently vacated and, upon reconsideration, a second Commissioner's representative determined that Khabani's benefits should be reduced by the $60 per week. Khabani has appealed.

## ISSUE

Should Khabani's unemployment compensation benefits be reduced by the $60 per week which was awarded in 1979 as a result of a previous workers' compensation claim, where that $60 per week compensated for the difference between his wages as a warehouseman prior to 1979 and his wages as an office worker?

## ANALYSIS

Minn.Stat. § 268.08, subd. 3 (1984), states:

> An individual shall not be eligible to receive benefits for any week with respect to which he is receiving, has received, or has filed a claim for remuneration in an amount equal to or in excess of his weekly benefit amount in the form of
>
> \* \* \* \* \* \*
>
> (3) compensation for loss of wages under the workers' compensation law of this state
>
> \* \* \* \* \* \*
>
> Provided, that if such remuneration is less than the benefits which would otherwise be due under [the unemployment compensation statutes] he shall be entitled to receive for such week, if otherwise eligible, benefits reduced by the amount of such remuneration \* \* \*.

This statute provides that workers' compensation payments are to be deducted from any unemployment compensation benefits awarded. The plain language of the statute requires that Khabani's benefits be reduced by $60 per week.

Khabani argues that the intent behind the statute is to prevent the double recovery of benefits in a situation where a worker is injured, cannot work, and receives both workers' compensation and unemployment compensation benefits based upon his or her salary at the time of the injury. Here, on the other hand, if Khabani were allowed to keep his workers' compensation payments in addition to the total unemployment compensation benefit amount to

which he is entitled, his benefits would not be duplicated. The workers' compensation award compensated Khabani for his previous loss in earning capacity (i.e., the difference between his wages as a warehouseman and his subsequent wages as an office worker), while the unemployment compensation benefits were awarded based upon Khabani's wages as an office worker.

We are limited, however, in our freedom to consider legislative intent:

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1984). Only when the words of a statute are not explicit may the intent of the legislature be considered. *Id.* Because the language of section 268.08, subd. 3 is free from ambiguity, this court must enforce the statute literally as it is read. While we are not unmindful of the implications of this decision, we are guided by the words of the supreme court in *Norris Grain Co. v. Seafarers' International Union*, 232 Minn. 91, 109–10, 46 N.W.2d 94, 105 (1950):

> Neither the wisdom of the laws nor their adequacy to accomplish a desired purpose may be taken into consideration by courts in determining what interpretation the laws should have; we must give effect to them as they are, regardless of our personal opinion regarding their adequacy.

Any change must come from the legislature.

### DECISION

The Commissioner's representative correctly determined that the amount of Khabani's unemployment compensation payments must be reduced by the $60 per week which he had been previously awarded as a result of a workers' compensation claim.

Affirmed.