Rajinder K. MADAN, Relator (C5–97–2187), Harjit S. Madan, Relator (C7–97–2188), Kavita Madan, Relator (C9–97–2189),

v.

## COMMISSIONER OF ECONOMIC SECURITY, Respondent.

Nos. C5–97–2187, C7–97–2188, C9–97–2189.

Court of Appeals of Minnesota.

June 16, 1998.

Gregg M. Corwin, Karin E. Peterson, Gregg M. Corwin & Associates, St. Louis Park, for relators.

Kent E. Todd, Minnesota Department of Economic Security, St. Paul, for respondent.

Considered and decided by TOUSSAINT, C.J., and DAVIES and SCHULTZ,* JJ.

## OPINION

DAVIES, Judge.

Relators challenge the denials of their claims for reemployment insurance benefits. Because relators do not meet the statutory criteria for benefit eligibility, we affirm.

## FACTS

During 1996, Harjit Madan, his wife Rajinder, and their daughter Kavita were employed by a motel owned by Harjit Madan. The Madans were not paid the wages they earned during 1996 until the last quarter of the year, when each was paid wages for the full year. Harjit Madan sold his motel and the Madans, relators here, became unemployed. In July 1997, they filed claims for reemployment insurance benefits. Because relators had worked in less than the statutory minimum of two quarters during 1996, they were found ineligible for benefits. The denial of relators' claims was affirmed by a reemployment insurance judge and the commissioner's representative. Relators challenge the commissioner's denials of benefits, asserting that the denials were based on an unnecessarily strict reading of the statute.

## ISSUE

Do relators meet the statutory eligibility requirements for reemployment insurance, having earned wages during four quarters?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

Here the facts are undisputed and only a question of law remains. An appellate court reviews the commissioner's legal determinations de novo. *Nerby v. Talent Partners,* 518 N.W.2d 633, 635 (Minn.App.1994).

To be eligible for reemployment benefits, workers must "have wage credits" during two or more quarters of the year. Minn. Stat. § 268.07, subd. 2(a)(1) (1996). The law unambiguously defines "wage credits" as the "amount of wages paid within the base period for insured work." Minn.Stat. § 268.04, subd. 26 (1996). "Wages paid" is defined, in turn, as wages that have been "actually paid," "credited to," or "set apart for" an employee so that the wages are "under control of the employee." *Id.,* subd. 25a. "Any wages earned but not paid with no scheduled date of payment" are considered "actually paid" on the last day an employee works before employment is terminated. *Id.*

In this case, the key phrase of the statute is "with no scheduled date of payment," which describes the relators' circumstances. Their wages, by their own admission, had no scheduled date of payment and were paid only during the fourth quarter of 1996. According to the terms of the statute, relators were "paid" in the fourth quarter of 1996 and thus have wage credits only during that fourth quarter. The statute is clear and unambiguous on this point. Appellate courts may not re-write unambiguous statutes. *Northern States Power Co. v. Commissioner of Revenue,* 571 N.W.2d 573, 575 (Minn.1997) (citing Minn.Stat. § 645.16 (1996)); *Khabani v. Red Owl Stores,* 392 N.W.2d 698, 700 (Minn.App.1986) (refusing to interpret reemployment insurance statute where provision was unambiguous).

Relators do not meet the requirements for reemployment insurance eligibility.

## DECISION

The commissioner's representative did not err when he determined that relators were ineligible for reemployment insurance; they did not have wage credits during at least two quarters of 1996.

Affirmed.